UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO LASTORINA-SNYDER,<br><br>Petitioner,<br><br>v.<br><br>PEOPLE OF CALIFORNIA,<br><br>Respondent. | Case No. 25-cv-03732-TLT<br><br>**ORDER TO SHOW CAUSE** |

Petitioner, who is detained at Elmwood Correctional Facility in Santa Clara County, has filed a *pro se* petition for writ of corpus, and several amended petitions. The most recent amended petition is in front of the Court for screening. Dkt. No. 15. Petitioner's motion for leave to proceed *in forma pauperis* (Dkt. No. 9) is denied as moot because he has paid the $5.00 filing fee. See Dkt. No. 7. Respondent will be ordered to show cause why the petition should not be granted.

**LEGAL STANDARD**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). If a person is not currently confined pursuant to a final decision, or "judgment," of the superior court, the petition must be construed as arising under 28 U.S.C. section 2241(c)(3), which provides habeas jurisdiction over any person held in custody in violation of the Constitution or laws or treaties of the United States. A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Section 2241 "provides generally for the granting of writs of habeas corpus by federal courts, implementing 'the general grant of habeas authority provided by the Constitution.'" *Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008) (*en banc*) (quoting *White v. Lambert*, 4 370 F.3d 1002, 1006 (9th Cir. 2004)). "Section 2241 confers jurisdiction on a district court to issue a writ of habeas corpus when a federal or state prisoner establishes that he "is in custody in violation of the Constitution or laws or treaties of the United States." *White*, 370 F.3d at 1006 (quoting 28 U.S.C. § 2241(a) and (c)(3)). Section 2241 implements a general grant of habeas corpus authority for a person in custody "for some other reason, such as pre-conviction custody, custody awaiting extradition, or some other forms of custody that are possible without a conviction." *Id.*; *Stow v. Murashige*, 389 F.3d 880, 886 (9th Cir. 2004).

**DISCUSSION**

The petition suggests that petitioner had a jury trial in Santa Clara County and he is serving a sentence for a resulting conviction, but he notes that his sentence is "pending." Dkt. No. 15. He states he has a habeas petition pending in Santa Clara County Superior Court. He alleges "massive violations" of his "due process rights" as well as claims of actual innocence, legal innocence, and unlawful ongoing incarceration due to vexatious prosecution. *Id.*

Petitioner alleges that he was not charged with a capital crime and was wrongly overtly denied bail; that he was not brought to preliminary examination; that he did not waive his speedy trial rights and the trial court improperly denied his speedy trial motion under California Penal Code section 1382; that he was denied access to the courts on January 15, 2025; and that a correctional officer threw him to the ground and removed his pants and inserted a firm object into his rear end on January 24, 2025 for demanding to appear before a magistrate. He seeks dismissal of his charges for lack of speedy trial, lack of preliminary hearing, actual innocence, and failure to set bail.

Because petitioner appears to be a pretrial detainee, the Court construes his petition as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 rather than section 2254, and the appropriate respondent is the Santa Clara County Sheriff Bob Jonsen. While summary dismissal of

petitioner's actual innocence claim is appropriate because his state criminal proceeding is ongoing and the state does not appear to have made a determination yet as to his guilt or innocence, summary dismissal of his other claims is unwarranted at this time. To the extent petitioner wishes to allege violations of his civil rights by custodial officers involving excessive force, he must do so in a separate lawsuit pursuant to 42 United States Code section 1983.

## CONCLUSION

Because it is not clear from the face of the petition whether petitioner is entitled to relief, the Court hereby issues the following orders:

1. The clerk shall serve electronically a copy of this order upon the Attorney General of the State of California, at the following email addresses: SFAWTParalegals@doj.ca.gov and docketingsfawt@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California.

2. The clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon Respondent, and shall serve by mail a copy of this order on petitioner.

3. No later than sixty days from the date of this Order, Respondent shall file with this Court and serve upon petitioner an Answer showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer all portions of the state record that have been transcribed previously and are relevant to a determination of the issues presented by the petition. If petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within thirty days of his receipt of the Answer. If he does not do so, the petition will be deemed submitted and ready for decision on the date the Traverse is due.

4. No later than sixty days from the date of this order, respondent may file with this Court and serve upon petitioner a motion to dismiss in lieu of an Answer. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition to the motion within thirty days of receipt of the motion, and respondent shall file with the Court and serve on petitioner a reply within fourteen days of receipt of an opposition.

5. It is petitioner's responsibility to prosecute this case. He must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of

1 Change of Address," and must comply with the Court's orders in a timely fashion. He also must serve on respondent's counsel all communications with the Court by mailing a true copy of the document to respondent's counsel.

6. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than three days prior to the deadline sought to be extended.

7. Petitioner's motion for a hearing (Dkt. No. 14) is denied as unnecessary without prejudice to the court's ordering a hearing at a later date if it becomes warranted.

8. The Clerk shall update the docket to reflect that the petition is pursuant to section 2241 and that the respondent is Santa Clara County Sheriff Bob Jonsen.

9. This order terminates Docket Nos. 9 and 14.

**IT IS SO ORDERED.**

Dated: July 3, 2025

_____
TRINA L. THOMPSON
United States District Judge